[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Court finds as proven the following facts:
1. The defendant, Wainwright, was a legal corporation and the defendant, O'Connor, was its president.
2. The nature of the defendants' business was career counselling and marketing.
3. The defendants hired the plaintiff, James D. MacLauchlin, in the role of a counselor on or about February 24, 1986.
4. During January 1987, the plaintiff, Donna MacLauchlin, commenced her own career counselling and marketing business calling same "MacLauchlin Associates."
5. On or about March 7, 1987, the plaintiff, Donna MacLauchlin, incorporated the business under the name "James D. MacLauchlin Associates, Inc."
6. On or about March 6, 1987, the plaintiff, James D. MacLauchlin, tendered his resignation to the defendant, CT Page 4602 O'Connor, said resignation to become effective on March 20, 1987.
7. The plaintiff's resignation resulted from a dispute with O'Connor about vacation time.
8. On March 22, 1987, the plaintiff, Donna MacLauchlin, ran an advertisement in the Hartford Courant for the business "James D. MacLauchlin Associates, Inc."
9. The defendant O'Connor saw the advertisement and became enraged.
10. O'Connor consulted with an attorney and produced for his counsel what purported to be a non-compete covenant executed by James D. MacLauchlin.
11. MacLauchlin never executed that agreement nor did he ever tender it to O'Connor.
12. Based upon the information furnished by O'Connor, his counsel commenced legal action in Hartford Superior Court, which action claimed, inter alia, injunctive relief.
13. The action was filed on March 30, 1987 and withdrawn on April 22, 1987.
14. The plaintiffs incurred legal expenses totalling $1,554.26 in connection with defending this action.
15. The signature on the non-compete agreement purporting to be that of James D. MacLauchlin was a forgery.
16. On March 30, 1987, the defendant, O'Connor, hooked up Wainwright's computer to the plaintiffs' home/business telephone and programmed same to dial the plaintiffs' number every thirty seconds to one minute.
17. The computer calls commenced about 7:00 a.m. on March 30, 1987.
18. The plaintiffs notified the police.
19. The police determined on March 31, 1987 that the defendants were generating the calls.
20. Trooper Guillot went to defendants' office on March 31st.
21. In response to the intervention of the police, the CT Page 4603 defendants discontinued calling the plaintiffs. More than 800 calls had been made by that time.
22. The defendant, O'Connor, was arrested as a result of the police investigation.
23. The plaintiffs were effectively prevented from conducting business for two (2) days as a result of the telephone calls.
24. The plaintiffs were harassed by the defendants.
25. The plaintiffs suffered emotional distress as a result of the actions of the defendant.
26. The plaintiffs attended court in connection with O'Connor's arrest on one occasion.
27. Neither plaintiff had self-employment income for the year preceding and the year following the establishment of James D. MacLauchlin Associates, Inc.
Wherefore, the Court finds:
A. On the first count, for the defendants.
B. On the second count, for the plaintiff, James D. MacLauchlin, against both defendants in the amount of $4,662.75 plus costs, which sum represents treble damages in accordance with Section 52-568(a)(2) of the General Statutes.
C. On the third count, for the plaintiffs against both defendants compensatory damages of $600.00 and exemplary damages of $3,500.00 plus costs.
D. On the fourth count for the defendants.
HON. HOWARD SCHEINBLUM, SUPERIOR COURT JUDGE